UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES R. PRESSLEY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:21-cv-00202-JMS-MG |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS TO DISMISS**

The Plaintiffs in this case, prisoners currently incarcerated in Federal Bureau of Prisons (BOP) facilities, brought suit after contracting COVID-19 at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute) in 2020. They allege that the Defendants acted negligently and with deliberate indifference to the risk of spreading the virus. The Individual Defendants have moved to dismiss the claims against them pursuant *to Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). The United States of America has moved to dismiss the Federal Tort Claims Act ("FTCA") claim against it. For the reasons below, the motion is **granted in part and denied in part**.

**I.
Factual Background**

In deciding the motion, the Court accepts as true the allegations in the Plaintiff's Amended Complaint. Dkt. 58. They allege that large outbreaks of COVID-19 occurred at USP Terre Haute in the fall of 2020 due to the prison's failure to test staff for the infection, allowing ill staff to work without masks, and failing to follow health and safety protocols including proper quarantining. They further allege that they were denied any medical treatment for their symptoms when the contracted the virus.

## II.
## Legal Standard

### A. Standard on a Rule 12(b)(6) Motion

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

## III.
## The Individual Defendants' Motion to Dismiss

### A. Plaintiffs Ricker and Pressley's Standing

The Individual Defendants argue that Plaintiffs Pressley and Ricker's claims against them must be dismissed because Mr. Pressley and Mr. Ricker lack standing. The Individual Defendants also point to 42 U.S.C. § 1997e(e)'s barring a prisoner's claims "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

The U.S. Constitution authorizes federal courts to decide all cases and controversies that arise under federal law. U.S. Const. art. III, § 2. However, there are several limitations. One of them is standing. *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("One essential aspect of [Article III's case or controversy requirement] is that any person invoking the power of a federal court must demonstrate standing to do so."). The test for standing is whether the party "demonstrate[s] an injury in fact that is traceable to the defendant and is redressable by a court

ruling." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, No. 19-3234, 13 F.4th 560, 568 (7th Cir. 2021).

Plaintiff Ricker concedes that he did not plead either that he was diagnosed with COVID-19 or suffered any COVID-19 symptoms, and that his standing to bring a *Bivens* claim is thus "impaired." Dkt. 106 at 8. Therefore, the Individual Defendants' motion to dismiss, dkt. [98], is **granted to the extent** Plaintiff Ricker's claims against the Individual Defendants are **dismissed**.

On the other hand, Plaintiff Pressley alleged in the Amended Complaint that he suffered unspecified COVID-19 symptoms. The Individual Defendants argue that he has failed to adequately allege that he suffered a physical injury and therefore his claims must be dismissed. Dkt. 109 at 2-3. But the Seventh Circuit has held that the physical injury requirement is not a prerequisite to filing suit. *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (quoting *Calhoun v. DeTella,* 319 F.3d 936, 940 (7th Cir.2003)). The Individual Defendants' motion to dismiss, dkt. [98], is **denied to the extent** it seeks the dismissal of Plaintiff Pressley's claims against the Individual Defendants in the basis of standing. [1]

### B. Plaintiff Ali's Filing Fee

Finally, the Individual Defendants argue that Plaintiff Ali's claims must be dismissed because he has not paid the filing fee. The Court notes that Mr. Ali originally dismissed his claims in this action before paying the filing fee because the original complaint did not raise an FTCA claim. Dkt. 40. After the Court recruited counsel to represent the Plaintiffs, Mr. Ali rejoined the plaintiffs in the amended complaint. Dkt. 58. The Individual Defendants' motion to dismiss, dkt. [98], is **denied to the extent** it seeks the dismissal of Mr. Ali's claims. However, Mr. Ali shall have **through February 3, 2023**, in which to pay the $402 filing fee. *See* dkt. 38 (denying Mr.

---

[1] The United States did not move to dismiss either Plaintiff Ricker's or Plaintiff Pressley's FTCA claims on the basis of standing, thus the claims shall proceed.

Ali's motion for leave to proceed *in forma pauperis* because his trust account reflected that he had sufficient funds to pay the filing fee).

### C. *Bivens* Claims

There is no Congressional authority to award damages against federal officials who violate the Constitution while acting under color of federal law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). Fifty years ago, the Supreme Court held in *Bivens* that district courts have the implied authority to award damages against federal officials for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 397.

That implied authority was subsequently extended twice: first to actions alleging gender discrimination in federal employment in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979), and second to actions alleging deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). But these "three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. 1843 at 1855.

In the past four decades, the Court has declined to create any new contexts for *Bivens* claims. *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022) (listing cases). Expanding *Bivens* to a new context is now a "disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857.

To determine whether a *Bivens* remedy is available to a plaintiff suing a federal actor, the Court makes a two-step inquiry. First, it asks whether the claim presents a new *Bivens* context by determining whether "the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar*, 137 S. Ct. at 1864.

Second, if the claim presents a new *Bivens* context, the Court then asks whether there are any special factors that counsel hesitation about granting the extension. *Egbert*, 142 S. Ct. at 1803. In applying the second factor, a district court "faces only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1805 (cleaned up). Additionally, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Id.* at 1804 (quoting *Ziglar*, 137 S. Ct. at 1858). And this is true even if the individual plaintiff alleges he does not have access to the alternative remedy. *Id.* at 1807 ("[W]hether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

The Individual Defendants argue that the claims against them present a new *Bivens* context, and special factors counsel against expanding *Bivens* to that claim. The Plaintiffs concede that, under current legal precedent, their claims present a new *Bivens* context, and they do not argue either way whether any special factors counsel against expanding *Bivens* to their claims. Dkt. 106 at 9.

The Court finds that the availability of alternative remedies forecloses a *Bivens* action for the plaintiffs' claims. The Bureau of Prison's administrative remedy process, 28 C.F.R. § 542.10 *et seq.*, provides inmates with the ability to seek formal review of any complaint related to the conditions of their confinement. Additionally, in *Ziglar*, the Supreme Court recognized the availability of injunctive relief to address conditions-of-confinement claims. 137 S. Ct. at 1862. The Court therefore declines to extend a damages remedy for the plaintiffs' Eighth Amendment claims. The Individual Defendants' motion to dismiss, dkt. [98], is **granted to the extent** that

claims against the Individual Defendants are **dismissed**, and the **clerk is directed** to terminate them as defendants on the docket.[2]

## IV.
## The United States' Motion to Dismiss

The Federal Tort Claims Act ("FTCA") provides that the United States is liable for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her employment if a private person would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1).

The United States argues that the Plaintiffs' FTCA claims should be dismissed because they are barred by Indiana state law and the FTCA's quarantine exception. Dkt. 101.

### A. Indiana COVID-19 Immunity Statute

Indiana Code § 34-30-32-6 provides immunity to certain civil actions arising from COVID-19. It states the following:

> Subject to the other provisions of this chapter, a person is immune from civil tort liability for damages arising from COVID-19:
>
> (1) on the premises owned or operated by the person;
> (2) on any premises on which the person or an employee or agent of the person provided property or services to another person; or
> (3) during an activity managed, organized, or sponsored by the person.

However, Chapter 32 Section 7 states: "This chapter does not grant immunity from civil tort liability to a person whose actions or omissions constitute gross negligence or willful or

---

[2] Although Defendant Hill did not appear or answer the complaint, all claims against him are dismissed under the same precedent that leads to the dismissal of the *Bivens* claims against the other Individual Defendants. Furthermore, under 28 U.S.C. § 1915A(b), the Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Because the Plaintiffs have conceded that their claims against the Individual Defendants present a new *Bivens* context, there is no indication that they would be able to state a viable claim against Defendant Hill.

wanton misconduct (including fraud and intentionally tortious acts) as proven by clear and convincing evidence." Ind. Code Ann. § 34-30-32-7.

Thus, the United States will be liable in civil actions for damages arising from COVID-19 in Indiana only if its actions constitute gross negligence or willful or wanton misconduct. To constitute gross negligence, a plaintiff must prove the defendant consciously breached a duty owed with a reckless disregard of the consequences as affecting the life of another. *N. Indiana Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003). Whether a duty of care is owed is a question of law, and whether a particular act or omission is a breach of duty is a question of fact for the jury. *Id*.

The Amended Complaint pleads sufficient facts for the trier of fact to ultimately determine that USP Terre Haute employees recklessly disregarded the consequences of their indifference for the health and life of the plaintiffs. The United States concedes that the Amended Complaint raises claims of gross negligence against Defendants Joslyn and Sutter for knowingly reporting to work with COVID-19. Dkt. 110 at 4. But they argue that the Plaintiffs' claims for negligence related to the lack of medical care they received are barred because there was no medication to treat COVID-19 in 2020. In support of this argument, the United States cites to a Harvard Medical Review article. *Id*. This sort of factual development outside the pleadings is inappropriate in a motion to dismiss. The United States' arguments as to the standard of care for COVID-19 symptoms in 2020 are better suited for summary judgment following the development of an evidentiary record.

### B. FTCA'S Quarantine Exception

The FTCA exempts various claims from its broad waiver of sovereign immunity, including "[a]ny claim for damages caused by the imposition or establishment of a quarantine by the United States." 28 U.S.C. § 2680(f). The United States argues that this exception applies to the handling

7

of the COVID-19 pandemic in 2020. In support of this argument, the Defendant cites to several out-of-circuit cases regarding the quarantining of livestock by the USDA. *Cascabel Cattle Co., L.L.C. v. United States*, 955 F.3d 445 (5th Cir. 2020) (USDA quarantined cattle for fever ticks); *Rey v. United States*, 484 F.2d 45, 46-48 (5th Cir. 1973) (USDA quarantined hogs for cholera, some of which died after being vaccinated).

The United States acknowledges that there is scant caselaw applying the quarantine exception to humans. Dkt. 101 at 12.[3] The one case cited by the United States applying the exception to the COVID-19 pandemic was decided by the Eastern District of North Carolina. *Wallace v. United States Dep't of Just.*, No. 5:21-ct-3035-D, 2021 WL 2853692, at *1 (E.D.N.C. June 24, 2021), *aff'd*, No. 21-7017, 2022 WL 1024613 (4th Cir. Apr. 6, 2022).

The questions of whether—and if so, how—the quarantine exception applies to humans in the context of the COVID-19 pandemic has not been addressed by the Seventh Circuit. This Court is reluctant to rely on a single district court case outside the Seventh Circuit, or to conclude that the Plaintiffs' claims – raised by human beings - in this case are barred by an exception that has previously only been applied to livestock. The exception is an affirmative defense, and the application of it to the Plaintiffs' claims is not clear enough to dismiss the claims without discovery. *Parrott v. United States*, 536 F.3d 629, 634–35 (7th Cir. 2008).

For these reasons, the United States' motion to dismiss, dkt. [100], is **denied**. However, the Plaintiff's FTCA claims are limited by state law to gross negligence.

## V.
## Conclusion

In summary, the Individual Defendants' motion to dismiss, dkt. [98], is **granted in part**

---

[3] Despite the dearth of caselaw, the Court is disturbed by the United States' resort to analogizing inmates to livestock.

8

**and denied in part**. The motion is **granted to the extent** it seeks to dismiss claims against them brought by Plaintiff Ricker for lack of standing. The motion is **denied to the extent** it seeks to dismiss claims against them brought by Plaintiffs Pressley and Ali on the basis of lack of standing and failure to pay the filing fee respectively. The motion is **granted to the extent** that all claims against the Individual Defendants are **dismissed**. The **clerk is directed** to terminate Defendants T. Taylor, Tracey Joslyn, A. Hill, and Sutter on the docket. No partial final judgment shall issue at this time.

The United States' motion to dismiss, dkt. [100], is **denied.** Accordingly, the Plaintiffs' FTCA claims shall proceed but are limited to gross negligence by Indiana law. The United States shall have **through January 17, 2023**, in which to answer the amended complaint.

Plaintiff Ali shall have **through February 3, 2023**, in which to pay the $402 filing fee. If Mr. Ali fails to timely pay the full filing fee, his claims may be dismissed without further notice.

    **IT IS SO ORDERED.**

Date: 1/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES R. PRESSLEY
1203 North Railroad
Dunn, NC 28334

DARRYL WORTHEN
12659-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

NIJUL ALEXANDER
70420-067
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

BRANDON BROWN
16833-029
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

KEITH NAPIER
18642-033
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

AMIN RICKER
17041-273
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

JASEN DUSHANE
95629-011
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

ANTHONY STRONG
705 Oxen Dr.
Belleville, IL 62221

SHAKUR ALI
31500-171
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov