UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES R. PRESSLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 2:21-cv-00202-JMS-MG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The plaintiffs, inmates and former inmates at Terre Haute U.S. Penitentiary, brought this Federal Tort Claims Act (FTCA) suit alleging that federal prison officials acted with negligence toward the inmates' risk of being infected with COVID-19 in 2020. The United States has moved for summary judgment, arguing that the plaintiffs failed to exhaust their administrative remedies by completing the notice of tort claim process before suing. Because the designated evidence shows that the plaintiffs did not exhaust the tort claims process before bringing this action, the defendant's motion for summary judgment, dkt. [133], is **granted**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that might be relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. Exhaustion Standard

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the FTCA. 28 U.S.C. § 1346.

The United States cannot be sued without its consent. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA creates a limited waiver of this immunity by permitting suits against the United States for personal injuries caused by the "wrongful acts of federal employees

acting within the scope of their employment under circumstances in which a private person would be liable to the plaintiff." *Reynolds v. United States*, 549 F.3d 1108, 1112 (7th Cir. 2008)(citing 28 U.S.C. § 1346(b)(1)). The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury ... or personal injury ... caused by the negligent or wrongful act or omission of any employee of the government ... <u>unless the claimant shall have first presented the claim to the appropriate Federal agency</u> and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a) (emphasis added). The Supreme Court has interpreted § 2675(a) as "requir[ing] complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 111 (1993). Under 28 U.S.C. § 2401(b), "a claimant must present his claims to the appropriate agency within two years of the date that the claims accrue." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013).

Meanwhile, the exhaustion requirement of the Prison Reform Litigation Act ("PLRA") requires all incarcerated individuals to exhaust administrative remedies, usually in the form of prison grievance processes, before suing over any aspect of prison life. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong") (cleaned up).

Thus, incarcerated plaintiffs suing the United States must exhaust available administrative remedies within the prison and also complete the tort claim process before filing their lawsuit. Because the defendants' motion for summary judgment focuses on the plaintiffs' failure to exhaust the notice of tort claim process and that issue is dispositive, the Court does not address whether any plaintiff exhausted the grievance process under the PLRA.

### III. Undisputed Facts

The plaintiffs claim that they became ill with COVID-19 in December 2020 based on the negligence of federal prison officials. However, none of the plaintiffs submitted a notice of tort claim within the two-year deadline to do so. Some requested notice of tort claim forms in December 2020 and January 2021, but were denied. *See* Ali Interrogatory Responses, dkt. 133-14 at 1; Dushane Interrogatory Responses, dkt. 133-26 at 2. Plaintiff Napier attests that he requested notice of tort claim forms from both Counselor Joselyn and from Counselor Edward, who replaced Joselyn when she retired near the end of 2020. Napier Interrogatory Responses, dkt. 133-30 at 3; Frank Declaration, dkt. 133-43 (attesting that Joslyn retired on December 26, 2020). But none of the plaintiffs had either Counselor Joselyn or Counselor Edward as their counselor after April 2022. Counselor Assignment Records, dkt. 133-12; dkt. 133-16; dkt. 133-20; dkt. 133-24; dkt. 133-28; dkt. 133-32; dkt. 133-36; dkt. 133-40. Plaintiff Ricker was transferred to a correctional facility in Arizona in January 2022. Dkt. 52. Plaintiff Strong was released from custody in January 2022 and Plaintiff Pressley was released in March 2022. Bureau of Prisons Inmate Locator, available online at https://www.bop.gov/inmateloc/.

Plaintiff Brown attests that he submitted a tort claim, but Officer Hill told him that he was not going to file anything. Brown Interrogatory Responses, dkt. 133-22 at 1. Mr. Brown successfully submitted a notice of tort claim on December 19, 2020, regarding the confiscation of his property when he was transferred to the COVID isolation housing unit. Dkt. 133-4.

### IV. Discussion

The plaintiffs acknowledge that they did not file tort claims before suing but argue that when they requested tort claim forms in December 2020 and January 2021, they were denied. Therefore, their argument goes, they should be excused from having to complete the tort claim

4

process before bringing suit. This argument would likely carry the day under the PLRA, because it excuses the exhaustion requirement if prison officials render the administrative remedy unavailable. *See Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006). In *Hill v. Snyder*, 817 F.3d 1037, 1041 (2016), the Seventh Circuit held that if an inmate requests a grievance from a staff member who, under the grievance policy is required to provide one upon request, and the request is denied, the inmate need not ask other staff members for a grievance form.

But unlike prison grievance processes, which usually provide little time to start the process after a triggering event, plaintiffs have two years to file a notice of tort claim before pursuing an FTCA claim against the United States. 28 U.S.C. § 2401(b). Thus, the fact that some plaintiffs were denied notice of tort claim forms in late 2020 and early 2021 when their claims arose does not excuse them from completing the tort claim process before suing. *Denton v. United States*, 440 F. App'x 498, 502–03 (7th Cir. 2011) (inmate not excused from exhausting tort claim process when he was denied a tort claim form shortly after his claim arose, but presented no evidence that he was denied forms later in the two-year filing period). The plaintiffs have presented no evidence that they were denied tort claim forms or were otherwise thwarted from exhausting their tort claims after the counselors who had denied their form requests were no longer their counselors. Even assuming that Counselors Jocelyn and Edward continually denied notice of tort claim forms to the plaintiffs for as long as they were assigned to be the plaintiffs' counselors, all of the plaintiffs had been transferred to other counselors by April 2022. The deadline to file a tort claim notice did not expire until December 2022.

In addition, the plaintiffs could have completed the tort claim process without the proper form. By regulation, a claim is considered presented when the agency receives, from the claimant

or a legal representative, "an executed Standard Form 95 *or other written notification of an incident,* accompanied by a claim for money damages." 28 C.F.R. § 14.2(a) (emphasis added). The Seventh Circuit has held that any written notification containing a statement of the essential facts sufficient to allow a legally trained reader to infer the legal cause of action can serve as a notice of tort claim. *Palay v. United States,* 349 F.3d 418, 425–26 (7th Cir.2003); *Murrey v. United States,* 73 F.3d 1448, 1452–53 (7th Cir.1996).

The record shows that the plaintiffs failed to exhaust administrative remedies before filing suit. Thus, this action must be dismissed with prejudice. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Palay v. United States*, 349 F.3d 418, 424 n2 (7th Cir. 2003) (because the time to file a notice of tort claim has expired, dismissal of the claim is final).

## V. Conclusion

The defendant's motion for summary judgment, dkt. [133], is **granted**. Final judgment in accordance with this Order shall issue at this time.

**SO ORDERED.**

Date: 10/11/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

6

Distribution:

JAMES R. PRESSLEY
472 Springbrook Drive, Apt B
Kernersville, NC 27284-3651

DARRYL WORTHEN
12659-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

NIJUL ALEXANDER
70420-067
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

BRANDON BROWN
16833-029
300 East 68th Street, Apt. 3003
Chicago, IL 60637

KEITH NAPIER
18642-033
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

AMIN RICKER
17041-273
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

JASEN DUSHANE
95629-011
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

ANTHONY STRONG
1370 Orchard Lakes Circle
Belleville, IL 62220

SHAKUR ALI
31500-171
BUTNER - MEDIUM II FCI
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov